# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

LUIS AVALOS-ESTRADA,

    *Defendant.*

Case No. 6:12-CR-10120-EFM

## MEMORANDUM AND ORDER

Petitioner Luis Avalos-Estrada ("Petitioner") brings this Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 33). Because review of Petitioner's motion and the accompanying court record conclusively shows that he is not entitled to relief, this Court denies the motion without an evidentiary hearing.

### I.     Factual and Procedural Background

On May 14, 2012, Petitioner was charged by the grand jury with one count of being found in the United States after having previously been removed/deported without consent of the Attorney General of the United States or the Secretary of Homeland Security.[1] Petitioner initially entered a plea of not guilty. On July 24, 2012, Petitioner appeared before this Court and pled guilty to one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326.

---

[1] Petitioner was removed from the United States on September 25, 2007, following his February 1997 conviction for distribution of a controlled substance.

A presentence investigation report ("PSR") determined that Petitioner's criminal history was category IV and his base offense level was eight. Given his prior conviction for distribution of a controlled substance and subsequent deportation, Petitioner was subject to a sixteen-point enhancement under Sentencing Guideline 2L1.2(b)(1)(A).[2] Petitioner also received a three-point reduction for his timely acceptance of responsibility, bringing his final offense level to twenty-one. His sentencing guideline range was therefore 57 to 71 months. On October 10, 2012, this Court sentenced Petitioner to fifty-seven months imprisonment to be followed by a two-year term of supervised release. Petitioner was thereafter ordered to be surrendered for deportation.

On January 21, 2014, Petitioner filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 33), claiming ineffective assistance of counsel. Based on a review of the record, this Court finds Petitioner's assignments of error to be without merit.

## II.     Legal Standard

Under § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

---

[2] Guideline 2L1.2(b)(1)(A) reads as follows: "If the defendant previously was deported, or unlawfully remained in the United States, after (A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months . . . increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points."

> [t]he judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[3] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[4] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[5]

A district court may grant relief under § 2255 if it determines "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."[6] "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."[7] The petitioner may overcome this procedural bar by showing either of "two well recognized exceptions."[8] "First, the movant must show good cause

---

[3] 28 U.S.C. § 2255(b).

[4] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996).

[5] *See id.* (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[6] 28 U.S.C. § 2255(b).

[7] *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097 (2006).

[8] *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 544 U.S. 904 (2005).

for not raising the issue earlier and actual prejudice to the movant's defense if the issue is not considered."[9] Cause may "be established by showing that counsel rendered constitutionally ineffective assistance."[10] Second, a petitioner must show that the "failure to consider the federal claims will result in a fundamental miscarriage of justice."[11]

### III. Analysis

Petitioner requests this Court set aside his guilty plea and sentence based on three alleged errors due to ineffective assistance of counsel: (1) failure to seek a downward departure or variance based on Petitioner's cultural assimilation and willingness to participate in an early disposition program, (2) failure to ensure proper credit for Petitioner's participation in a drug treatment program, and (3) failure to address errors with regard to Petitioner's criminal history and subsequent PSR criminal history category assessment.[12] The Court discusses each of these errors in turn.

#### A. Ineffective Assistance of Counsel

In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[13] Under *Strickland*, a petitioner claiming ineffective assistance of counsel must prove that: (1) his counsel's representation was

---

[9] *United States v. Molina*, 2013 U.S. Dist. LEXIS 174618, at *12 (D. Kan. Dec. 13, 2013) (citing *Cervini*, 379 F.3d at 990).

[10] *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (internal citations omitted).

[11] *Molina*, 2013 U.S. Dist. LEXIS 174618, at *12 (citing *Cervini*, 379 F.3d at 990) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see also Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (holding that a showing of actual innocence meets the fundamental miscarriage of justice prong).

[12] This Court recognizes that Petitioner's Motion contains a fourth ground for error in which Petitioner argues that, when taken together, grounds one through three demonstrate that he did not receive effective assistance of counsel. Because this Court finds that Petitioner's grounds one, two, and three are without merit, it does not discuss in any detail Petitioner's ground four.

[13] 466 U.S. 668 (1984).

constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[14] To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[15] This standard is "highly demanding."[16] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[17] The reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error.[18] "[E]very effort should be made to eliminate the distorting effects of hindsight."[19]

With regard to the second prong, a petitioner "must show there is a reasonable probability that, but for his counsel's professional errors, the result of the proceeding would have been different."[20] A reasonable probability is a "probability sufficient to undermine confidence in the outcome."[21] This requires the court to focus on "the question [of] whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[22] In cases where a petitioner pleads guilty, the Supreme Court has held that prejudice

---

[14] *Id.* at 687-88.

[15] *Id.* at 690.

[16] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[17] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch*, 58 F.3d at 1459) (quoting *United States v. Ortiz Oliveras*, 717 F.2d 1, 4 (1st Cir. 1983)).

[18] *See Edens v. Hannigan*, 87 F.3d 1109 (10th Cir. 1996).

[19] *Id.* at 1114 (quoting *Strickland*, 466 U.S. at 689).

[20] *Strickland*, 466 U.S. at 694.

[21] *Id.*

[22] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

can only be shown if there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[23] Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[24]

### 1. Failure to Seek Downward Departure/Variance

Petitioner first claims ineffective assistance of counsel for failure of counsel to seek a downward departure or variance from the guidelines due to Petitioner's cultural assimilation and willingness to participate in an early disposition program. In support of his cultural assimilation argument, Petitioner cites to Sentencing Guideline 2L1.2, which reads as follows:

> Departure Based on Cultural Assimilation. There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. Such a departure should be considered only in cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.
>
> In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States.[25]

---

[23] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[24] *Strickland*, 466 U.S. at 689-90.

[25] U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2L1.2, cmt. n.1.

While Petitioner is correct that the PSR did not mention this possible avenue for variance, he incorrectly alleges that his counsel failed to know about or properly address such a variance. In his objection to the PSR, counsel specifically discussed Petitioner's cultural assimilation within the context of 2L1.2, noting that Petitioner came to the United States with his family at the age of seven, was raised as an American, and now has three children of his own, all of whom reside in the United States. Counsel also argued that Petitioner only returned to the United States after his deportation to be with and support his family and he has not committed any crime since his arrival in 2011. During Petitioner's sentencing, counsel again brought up the issue of cultural assimilation. While counsel's argument was ultimately unsuccessful, his actions were not deficient.

With regard to Petitioner's second argument, that counsel should have sought an early disposition for Petitioner's case, Petitioner points to Sentencing Guideline 5K3.1, which states:

> Early Disposition Programs. *Upon motion of the Government*, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.[26]

Petitioner alleges that, immediately upon his arrest and assignment of counsel, counsel should have contacted the United States Attorney and sought Petitioner's admission to this fast track program. What Petitioner fails to acknowledge is that the departures afforded under the program are available only after the United States Attorney, *not* counsel, submits a variance proposal that is subsequently authorized by the United States Attorney General.[27] No such departure or

---

[26] U.S.S.G. § 5K3.1 (emphasis added).

[27] *See United States v. Beltran-Palafox*, 2012 U.S. Dist. LEXIS 35226, at *7-8 (D. Kan. Mar. 16, 2012) (denying the petitioner's § 2255 request for a sentence reduction under U.S.S.G. § 5K3.1 because the government had not made such a proposal).

agreement was sought by the government in Petitioner's case. As such, counsel's alleged failure to seek Petitioner's admission to such a program was not deficient.

Furthermore, Petitioner cannot prove that, but for his counsel's alleged failure to "bring these two issues to the forefront,"[28] he would have insisted on going to trial. Once issued his *Miranda* rights, Petitioner admitted that he had illegally re-entered the country after his deportation. Even in his § 2255 motion Petitioner admits "I knew I was in fact guilty . . . ."[29] At no time during his plea hearing did Petitioner acknowledge any reason for his guilty plea other than his actual guilt. Petitioner therefore fails to show prejudice. As such, Petitioner's first assignment of error is dismissed.

**2. Participation in a Drug Treatment Program**

Petitioner next argues that counsel erred by failing to secure credit for Petitioner's participation in a drug treatment program. The substance of this alleged assignment of error is somewhat unclear. Petitioner argues that he "was led to believe that [he] would receive the equivalent sentence reduction which is proscribed in 18 U.S.C. § 3621 for successful completion of a Residential Drug Abuse Program."[30] While § 3621 does indeed allow the Bureau of Prisons to reduce, up to a certain amount, the time an incarcerated defendant may serve based upon his successful completion of a drug treatment program,[31] Petitioner does not appear eligible for such a reduction.

---

[28] Doc. 34, at p. 9.

[29] Doc. 34, at p. 10.

[30] Doc. 34, at p. 12.

[31] Section 3621(e)(2)(B) reads as follows: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

Petitioner himself admits that he is not currently housed in a facility that offers a qualifying drug treatment program. This is likely because, as Petitioner also admits, he does not currently suffer from a drug abuse problem. In fact, during his sentencing, he claimed that his drug problem was a thing of the past and that he now works to counsel others so that "they won't stumble in life" the way he did.[32] In summary, Petitioner is essentially asked to be awarded credit for a program in which he did not participate for a problem he did not have all because of some alleged promise. The evidence makes clear the reason why counsel did not pursue such a reduction: Petitioner was simply not eligible for this benefit. Furthermore, based upon a plain reading of § 3621(e)(2)(B), even if Petitioner had been eligible and did, in fact, participate in such a program, the decision to release Petitioner early would have been up to the Bureau of Prisons and was not something counsel could have proactively pursued. This Court therefore finds counsel's actions with regard to this issue were not deficient.

Furthermore, much like in his first assignment of error, Petitioner cannot prove that, without the alleged promise of a sentence reduction for his participation in a drug treatment program, he would have elected to proceed to trial. As such, this Court finds Petitioner's second assignment of error to be without merit.

### 3. Failure to Object to Calculation of Criminal History

In his final assignment of error, Petitioner alleges that his counsel failed to sufficiently object to the PSR's calculation of his criminal history. Specifically, Petitioner objects to the inclusion of the following charges, which were listed under the "Other Arrests" section of the PSR: (1) robbery, October 30, 1997; (2) false representation to an officer, February 18, 2000;

---

[32] Doc. 30, at pp. 11-12.

and (3) battery/domestic violence and criminal restraint, May 9, 2012. Petitioner also claims that his conviction for distribution of marijuana and cocaine was given too much weight. Petitioner's arguments are without merit.

With regard to Petitioner's arrests for robbery, false representation, and battery/domestic violence, this Court cannot help but note that Petitioner was never charged with nor convicted of any offense connected to these arrests. The PSR indicates that the charges of robbery and false representation were referred to a prosecutor, but there is no conviction on Petitioner's record. The disposition for the battery/domestic violence is unknown. The Probation Office therefore did not assign any points to these arrests, meaning that these arrests were not a determining factor when computing Petitioner's criminal history category.[33] As such, Petitioner's counsel had no reasonable basis to object to their inclusion in the PSR.

In contrast, Petitioner's conviction for distribution of controlled substances received three points. Petitioner alleges that this conviction was given too much weight and thus improperly affected his total score which led directly to the assignment of the wrong criminal history category. In order to best understand Petitioner's argument, a basic review of how a defendant's criminal history is calculated for purposes of sentencing is helpful.

Under Sentencing Guideline 4A1.1, a defendant's criminal history category is determined by assigning points to the defendant's prior convictions. Each conviction may receive one, two, or three points, depending upon the sentence of imprisonment imposed. The number of points awarded to each conviction are then added together and applied to a pre-existing chart to

---

[33] Petitioner's criminal history was assessed to be a category IV based on the total number of points assigned to Petitioner's convictions. While Petitioner had thirteen convictions, he received only nine points, three points each for the following offenses: (1) felony driving under the influence, driving under suspension, and disturbing the peace; (2) distribution of controlled substances, namely cocaine and marijuana; and (3) felony driving under the influence.

determine a defendant's criminal history category. Typically, the term "sentence of imprisonment" refers to the "maximum sentence imposed."[34] However, in cases of suspended sentences, the term refers "only to the portion that was *not* suspended."[35] Either way, criminal history points are determined based on the sentence pronounced, *not* the actual time served.[36]

Here, Petitioner was sentenced to a term of ten years imprisonment for distribution of controlled substances, all but *ten months* of which was suspended. Therefore, for purposes of prior conviction points, this conviction should have received two points.[37] However, Petitioner's limited time in prison was conditioned upon the expectation that, once released, Petitioner would remain a law-abiding citizen. Unfortunately, approximately one year after his release, Petitioner was arrested, and subsequently convicted, for felony driving under the influence. This subsequent arrest and conviction triggered a probation revocation on Petitioner's distribution conviction. Petitioner was therefore re-sentenced to nine years and two months on the distribution conviction, a sentence which was to be suspended upon Petitioner's successful completion of the Keys to Life Program.[38]

Petitioner argues, just as his counsel did in his objections to the PSR, that Petitioner did, in fact, complete the Keys to Life Program but was not subsequently released because of an immigration hold. This failure to be released, Petitioner argues, led to the erroneous assignment of three points to his distribution conviction. This Court was not convinced of this argument

---

[34] U.S.S.G. § 4A1.2(b)(1).

[35] U.S.S.G. § 4A1.2(b)(2) (emphasis added).

[36] U.S.S.G. § 4A1.2, cmt. n.2.

[37] U.S.S.G § 4A1.1(b).

[38] Petitioner was also sentenced to seven years' imprisonment on the felony driving under the influence conviction, which was also to be suspended upon Petitioner's successful completion of the Keys to Life Program.

when counsel made it, and it is still not convinced for purposes of Petitioner's § 2255 motion. As stated above, what matters for purposes of a points calculation is the maximum sentence *imposed* which, in this case, is nine years and two months. After his probation revocation, Petitioner was no longer entitled to rely upon the suspended sentence of ten months for his distribution conviction. This analysis is true *despite* the possibility that Petitioner could have been released after successfully completing the Keys to Life Program. There was no guarantee when, or even if, Petitioner would complete this program.

Because counsel previously raised this issue, and because the argument itself is without merit, Petitioner fails to satisfy the first *Strickland* prong. Nor can Petitioner prove that, if he *had* known about this calculation, he would have elected to proceed to trial. As such, Petitioner's assignment of error is without merit.

## B. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order.[39] This certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[40] The applicant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further."[41] Petitioner fails to meet this standard. The Court therefore declines to issue a certificate of appealability for this order.

---

[39] *Smith v. United States*, 2013 U.S. Dist. LEXIS 64825, at *10-11 (D. Kan. May 7, 2013).

[40] 28 U.S.C. § 2254(c)(2).

[41] *Smith*, 2013 U.S. Dist. LEXIS 64825, at *11 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 33) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 24th day of April, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE